**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KEVIN D. DEY,

    Plaintiff,

vs.                                         Case No. 3:21-cv-671-MMH-PDB

PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On July 6, 2021, Defendant Progressive Select Insurance Company (Progressive) filed a notice of removal, seeking to remove this case from the Circuit Court, Third Judicial Circuit, in and for Columbia County, Florida. See generally Notice of Removal of Action Under 28 U.S.C. § 1332 (Diversity) (Doc. 1; Notice). In the Notice, Progressive asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "it is a civil action between citizens of different states" and because "[t]he amount in controversy at issue here exceeds $75,000." See id. at 22, 24. However, upon review of the Notice and the attached Complaint (see Doc. 1-1; Complaint), the Court finds that Progressive fails to allege sufficient facts to plausibly demonstrate that the parties are diverse. See Taylor v. Appleton, 30 F.3d, 1365, 1367 (11th Cir. 1994). Specifically, Progressive does not sufficiently allege the citizenship of the Plaintiff. See Notice at 2. In the Notice, Progressive merely alleges that in his Complaint, "Plaintiff alleged that he is a resident of Dixie County, Florida" see id., and equates this to alleging Plaintiff's citizenship, see id. at 6-7.

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412.

To establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor, 30 F.3d at 1367. A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick, 293 F.3d at 1257-58 (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish citizenship for a natural person." Taylor, 30 F.3d at 1367; Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). Thus, the Notice fails to present allegations sufficient to establish that the parties are diverse from each other.[1]

Without additional information regarding the citizenship of the Plaintiff, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[2] Accordingly, it is

---

[1] Defendant noted that it will "provide additional facts for removal pursuant to diversity jurisdiction after [Defendant] is served with the Amended Complaint," if the amended complaint adds an additional plaintiff to the instant action. In doing so, counsel for Defendant would be well advised to take heed of the Court's instructions in this Order.

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the

**ORDERED**:

Defendant Progressive shall have until **July 27, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on July 7, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record

---

pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

4